﻿Citation Nr: AXXXXXXXX
Decision Date: 07/30/19 Archive Date: 07/29/19

DOCKET NO. 181226-2193
DATE: July 30, 2019

REMANDED

Entitlement to service connection for left arm weakness is remanded.

Entitlement to service connection for right arm weakness is remanded.

Entitlement to a total disability rating for individual unemployability (TDIU) is remanded.

REASONS FOR REMAND

The Veteran served on active duty with the United States Army from April 1968 to April 1970.

The Veteran filed claims in October 2015 of service connection for left arm and right arm weakness. These claims were denied by a Regional Office (RO) in October 2016. The Veteran filed a Notice of Disagreement under the legacy appeal system in February 2017. In May 2017, the Veteran filed a VA Form 21-8940, Veteran’s Application for Increased Compensation Based on Unemployability. The TDIU claim was denied by the RO in an August 2017 rating decision and the Veteran submitted a timely Notice of Disagreement in September 2017. The Veteran perfected his appeal in November 2017, and in July 2018, the Board remanded the claims to the Agency of Original Jurisdiction (AOJ) for further development. 

However, in November 2018, the Veteran opted into the Rapid Appeals Modernization Program (RAMP) under the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran elected to pursue higher level review at the RO in November 2018, withdrawing his appeal and closing the record for review. An adverse higher level review decision was issued in December 2018, and in December 2018, the Veteran filed a NOD seeking direct review by the Board under RAMP and AMA. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). Under direct review, no development may be undertaken; the VLJ considers the same record as the RO in rendering a decision.

Under AMA, the Board must remand to the AOJ to correct pre-decisional duty to assist errors. VA Claims and Appeals Modernization, 84 Fed. Reg. 138, 189-90 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 20.802(a)). Here, prior to the December 2018 adverse higher level review decision, the record reflects that the AOJ failed to obtain a VA examination to determine the nature and etiology of the Veteran’s claimed bilateral arm weakness and failed to make reasonable efforts to obtain VA treatment records or relevant private treatment records. The Board had determined that such actions were required in the July 2018 remand, to comply with VA’s duty to assist the Veteran is substantiating his claims. That factual need continued even after the technical withdrawal of the prior appeals.

The Board further defers decision on the TDIU claim as intertwined with the remanded service connection claims.

The matters are REMANDED for the following action:

1. Associate with the claims file updated VA treatment records. 

2. Schedule the Veteran for a VA examination; the claims folder must be reviewed in conjunction with such. The examiner must identify any current disorders associated with the claimed left arm and right arm weakness. For each diagnosed condition, the examiner must opine as to whether such is at least as likely as not (50 percent probability or greater) caused or aggravated by service.

 

WILLIAM H. DONNELLY

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD G. A. Ong, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.